## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| ALEATHA JESSIE | : | CASE NO: 16-10131ELF |
| | : | |
| Debtor | : | |
| | : | |
| ALEATHA JESSIE | : | |
| | : | |
| Plaintiff | : | ADV. NO. 17-290 |
| v. | : | |
| | : | |
| PENNSYLVANIA HOUSING FINANCE AGENCY | : | |
| and | : | |
| U.S. BANK, N.A., AS TRUSTEE FOR PA. HOUSING FIN. AGENCY | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS ADVERSARY COMPLAINT**

Before the Court is the Motion to Dismiss filed by the Defendants in the above-captioned adversary proceeding (the "Motion"). Debtor/Plaintiff Aleatha Jessie submits that the Motion should be denied for the following reasons.

**FACTUAL AND PROCEDURAL BACKGROUND**

While the Court must construe all the facts in the Complaint as true for purposes of the motion, *see infra*, here the relevant underlying facts are simply not in dispute or capable of dispute. Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on January 7, 2016. Debtor had, as of the petition date, an ownership interest in real property located at 4539

Tolbut St, Philadelphia PA 19136 (the "Property") that was subject to a Note and Mortgage held by Defendant U.S. Bank and serviced by Pennsylvania Housing Finance Agency ("PHFA")[1]

Debtor's confirmed plan provided for curing of mortgage arrears of $6,726.20 to Defendants and avoidance of a second mortgage to Citizen's Bank (the Citizen's Mortgage) pursuant to 11 U.S.C. §§ 506(a) and (d), often referred to colloquially as "stripping off" the second mortgage. PHFA was fully aware of this, and in fact asked Debtor's counsel for particularized language in the proposed order with respect to the Motion to value the Property, filed in conjunction with the confirmed plan.[2]

Notwithstanding its knowledge of the status of the Citizen's Mortgage, PHFA sent Debtor the Trial Plan Letter inducing her to send smaller trial payments than her normal post-petition payment amount. While the Trial Plan Letter is contingent upon Debtor "otherwise qualifying" and specifically mentions liens on the Property may be an issue, PHFA reached out to Debtor's counsel regarding the status of the Citizen's Mortgage. Debtor's counsel provided that information, and at no time did PHFA respond that this lien would be an impediment.[3]

Debtor made all the trial plan payments and the sole basis that PHFA has offered for its failure to permanently modify the loan is the Citizen's Mortgage.[4]

---

[1] Complaint ¶¶ 3-8.

[2] Compl. ¶ 20

[3] Compl. ¶¶ 22-27

[4] Compl. ¶¶ 28-31.

**LEGAL ARGUMENT**

Defendants cite the proper standard review, namely that the Court must construe all the allegations of the Complaint as true and that dismissal is warranted only if, construing those facts in their most favorable light, the Complaint still does not state a claim upon which relief can be granted. Defendants' Mem. at 3. The facts alleged in the Complaint, however, are more than sufficient to state causes of action.

### Count I -Breach of Contract

Defendants argue a broad rule that there is no contractual right to receive a loan modification, citing two cases. Defs' Brf at 5. The cited sources do not support such a broad rule, and ignores countervailing case law that has held that a trial plan can in fact be an enforceable contract. See , e.g., Wilson v. Bank of America, N.A., 48 F.Supp.3d 787, 813  (E.D. Pa. 2014) (finding that a trial payment plan constituted a binding contract). Whether there is a contract will clearly depend upon the facts, and there is no broad rule that a trial payment plan like the one alleged in this complaint can never be a binding contract. See also Corvello v. Wells Fargo Bank, 728 F.3d 878, 883–85 (9th Cir.2013) (holding that the "natural and fair interpretation of the TPP" is that the servicer must send a modification agreement "offering to modify the loan once borrowers meet their end of the bargain"); Wigod v. Wells Fargo Bank, 673 F.3d 547, 563 (7th Cir.2012) (holding that the TPP was an offer to provide a permanent modification agreement if borrower fulfilled necessary conditions); Cave v. Saxon Mortg. Services, Inc., 2013 WL 1915660 (E.D.Pa. May 9, 2013) (denying motion to dismiss where the complaint alleged that the defendant breached its TPPs with the plaintiffs by failing to offer them permanent modifications after they complied with their obligations under the TPP).

Moreover, the Motion ignores that Debtor has raised a theory of implied contract, which can be found "'where the parties agree upon the obligations to be incurred, but their intention, <u>instead of being expressed in words</u>, is inferred from their acts in the light of the surrounding circumstances.'" <u>Rissi v. Cappella</u>, 918 A.2d 131, 140 (2007) (*quoting* <u>Martin v. Little, Brown and Co.</u>, 304 Pa.Super. 424, 450 A.2d 984, 987 (1981) (emphasis added in original). <u>Accord</u>  <u>Hirsch v. Schiff Benefits Group, LLC</u>, 2011 WL 1166127 (E.D. Pa. 2011).

Here the complaint alleges facts sufficient to show an implied contract for a permanent modification, namely that PHFA offered the trial plan with full knowledge of the Citizen's Mortgage and has identified no other qualification that Debtor has not made. Moreover, the Complaint's factual allegations are sufficient to allege that Defendants implicitly waived the Citizen's Mortgage as an issue. Under Pennsylvania law, a waiver is a knowing relinquishment of a known right, claim or privilege. "Unlike an express waiver, which is embodied in an agreement, an implied waiver occurs when words or conduct express an intent not to exercise a known contractual right and when the person claiming the waiver was misled and prejudiced by this behavior." <u>In re MK Lombard Group, LTD</u>, 2005 WL 735993, at *11 (E.D. Pa. 2005). For example, in <u>LBL Skysystems (USA), Inc. v. APG-America, Inc.</u>, 2006 WL 2590497 (E.D. Pa. 2006), the Court found that the defendants had waived a "timeliness" requirement in the parties agreement where defendants had routinely accepted late-filed claims. <u>Id.</u> at *16-17.

Here the Complaint alleges facts that can be construed to show that PHFA waived any issue with the Citizen's Bank Mortgage when it reached out to Debtor's counsel for information at the inception of the trial plan and nevertheless accepted all trial payments. The Complaint alleges facts showing that Debtor relied to her detriment on PHFA's Trial Plan Letter and subsequent conduct and

as a result has been prejudiced because she is now in arrears on post-petition mortgage payments. In any case, implied contract is a factual issue that should not be dismissed at the pleading stage. Lydon Millwright Services, Inc. v. Ernest Bock & Sons, Inc., 2013 WL 1890355 (E. D. Pa. 20013) (denying summary judgement because issue of implied contract is a factual issue to be determined by the fact-finder).

### Count II:  Unfair Trade Practices

Movants first argue that under the "catchall" provision of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2(xxi), all the elements of common law fraud must be alleged. That is incorrect. Both the Third Circuit Court of Appeals and the Pennsylvania Superior Court have determined that allegations of "deceptive" or "misleading" conduct are sufficient  Belmont v. MB Investment Partners, Inc., 708 F.3d 470, 498 and n. 33; " Fazio v. Guardian Life Ins. Co., 62 A.3d 396, at 406-07, (Pa. Super. 2012).

Similarly, Movants' argument that the alleged conduct was not deceptive because of the "clear language contained in the TPP", Defs' Mem. at 14, disregards the Complaint's allegations that it is their conduct that creates the deception. Notwithstanding the "clear language" regarding liens, PHFA offered the TPP knowing about that lien and failed to raise any red flags when Debtor's counsel responded to PHFA's inquiry in February 2017. It is PHFA's conduct, inconsistent with the language of the TPP, that created the likelihood of confusion here.

Movants also asserts that Debtor has not alleged any "ascertainable loss of money or property" as a result of their conduct because she was obligated to pay the mortgage debt in any case. Defs' Mem. at 15.   That simplistic argument misses the point: the  Complaint alleges that Debtor is now in post-petition arrears solely as a result of Movants' conduct which induced her to pay less

than the regular post-petition payment of $997 (see Notice of Mortgage Payment Changed filed by PHFA 10/05/16). Instead she payed $826 as requested by PHFA (Exhibit A to Complaint) from March to October, i.e a shortage of $171. Paragraph 5 of the Trial Plan Letter states that trial payments are held in suspense until a full payment is received. Thus, solely as a result of Movants' deceptive conduct Debtor is now in post-petition arrears on her mortgage at least in the amount of $1,368 ($171 * 8 mos), not including potential late fees and interest from the short payments.

In short, Movants' conduct has endangered one of the central purpose of this Chapter 13 bankruptcy case to cure a pre-petition default. When Debtor completes her plan payments – which have been made by wage garnishment since the inception of the case – and the Trustee issues his Notice if Cure pursuant to Fed. R. Bank. P. 3002.1, PHFA will undoubtably be denying that the default was cured because of "missed" post-petition payments that it caused through the conduct alleged in the Complaint. That is clearly an ascertainable loss.

Finally, Movants' argument that Plaintiff's claims are preempted by the Bankruptcy Code is flawed. Defs' Mem at 16. The cases cited by Movants involve plaintiffs claiming UTPCPL violations from violations of rights arising out of the Bankruptcy Code, such as the automatic stay or the claims objection process. The Complaint before the Court alleges only state law causes of action. The mere fact that Plaintiff is in a Chapter 13 bankruptcy does not preempt her claims. Certainly Movants cite no specific provision of the Code that preempts these claims.

**CONCLUSION**

      For the reasons stated above the Court should deny the Motion or, in the alternative, allow Plaintiff the opportunity to amend the Complaint.

                                   /s/ Alfonso Madrid
                              ALFONSO MADRID, ESQ.
                              Attorney for Debtor
                              757 South 8th St.
                              Philadelphia PA 19147
                              215-925-1002
                              215-689-4809 (fax)