United States Bankruptcy Court
Eastern District of Pennsylvania

Jessie,
    Plaintiff                                                                                    Adv. Proc. No. 17-00290-elf

Pennsylvania Housing Finance Agency,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: YvetteWD              Page 1 of 1                  Date Rcvd: Mar 20, 2018
                              Form ID: pdf900             Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2018.
```
ust           +BRENDA D. GISH,   Office of United States Trustee - U.S. D,   Federal Building,
               228 Walnut Street, 11th Floor,   Harrisburg, PA 17101-1714
pla           +Aleatha Jessie,   4539 Tolbot,   Philadelphia, PA 19136-1417
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Mar 21 2018 01:38:14     Frederic J. Baker,
               Office of United States Trustee,   833 Chestnut Street,   Suite 500,
               Philadelphia, PA 19107-4405
ust           +E-mail/Text: USTPRegion03.WL.ECF@USDOJ.GOV Mar 21 2018 01:38:14     SHAKIMA L. DORTCH,
               U.S. Dept. of Justice - U.S. Trustee,   844 N. King Street,   Suite 2207,
               Wilmington, DE 19801-3519
ust           +E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Mar 21 2018 01:38:15     United States Trustee,
               228 Walnut Street, Suite 1190,   Harrisburg, PA 17101-1722
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Mar 21 2018 01:38:14     United States Trustee,
               Office of the U.S. Trustee,   833 Chestnut Street,   Suite 500,   Philadelphia, PA 19107-4405
                                                                                              TOTAL: 4
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2018                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 20, 2018 at the address(es) listed below:
```
              ALFONSO G. MADRID   on behalf of Plaintiff Aleatha  Jessie alfonsomadridlawECF@gmail.com
              THOMAS I. PULEO   on behalf of Defendant   U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
                                                                                              TOTAL: 2
```

### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:**     **ALEATHA JESSIE,** | : | Chapter 13 |
| Debtor | : | Bky. No. 16-10131 ELF |
| **ALEATHA JESSIE,** | : | |
| Plaintiff | : | |
| v. | : | |
| **PENNSYLVANIA HOUSING FINANCE AGENCY** | : | |
| **U.S. BANK, N.A., as Trustee** | : | |
| Defendants | : | Adv. No. 17-290 |

# O R D E R

**AND NOW,** upon consideration of the Defendants' Motion to Dismiss Complaint ("the Motion") and the Plaintiff's response thereto, it is hereby **ORDERED** that:

1. The Motion is **DENIED**.*

2. **On or before April 10, 2018**, the Defendants shall file an Answer to the Complaint.

Date: **March 20, 2018**

                                  **ERIC L. FRANK**
                                  **CHIEF U.S. BANKRUPTCY JUDGE**

# \* E N D   N O T E

In the Motion, the Defendants raise a number of issues that have divided the courts. In part because those various subjects have been thoroughly discussed in many reported decisions (albeit with different outcomes), and, in part, to expedite the pretrial process, I have chosen not to write a detailed opinion in this matter. Nevertheless, to provide the parties with the basis for my ruling, but simultaneously issuing as prompt a decision as possible, I will set forth below, as concisely as possible, the main principles which guided my decision and the legal authorities that support those principles.

### Count I - Breach of Contract

Based on the factual circumstances in which the Trial Payment Plan ("the TPP") was created (as described in the Complaint)[1] and the terms of the TPP, the Complaint states a claim for breach of contract. See Wilson v. Bank of Am., N.A., 48 F. Supp. 3d 787, 811–13 (E.D. Pa. 2014); Cave v. Saxon Mortg. Servs., Inc., 2012 WL 1957588, at *5–7 (E.D. Pa. May 30, 2012); see also Corvello v. Wells Fargo Bank, N.A., 728 F.3d 878 (9th Cir. 2013); Wigod v. Wells Fargo

---

[1] In deciding a motion to dismiss a complaint under Rule 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Taliaferro v. Darby Township Zoning Board, 458 F.3d 181,188 (3d Cir. 2006). But, the court is not bound "to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal 129 S. Ct. 1937, 1950 (2009) (quotation mark omitted). Dismissal is appropriate only if, accepting as true all facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007),. Whether the complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense". Iqbal, 129 S. Ct. at 1950.

Bank, N.A., 673 F.3d 547 (7th Cir. 2012).

Paragraph 8 of the TPP states that if the Debtor successfully completes the TPP, "PHFA **will offer you a Modification.**" (emphasis added). This language reads like a contractual promise to provide a loan modification if the Debtor performed her obligations under the TPP.

That said, I recognize that there are reported decisions contrary to the cases cited above in the text. See Enforceability of Trial Period Plans (TPP) Under the Home Affordable Modification Program (HAMP), 88 A.L.R. Fed. 2d 331 (West 2018).

I also recognize that the passage in Paragraph 8 that I have quoted above is qualified by the additional phrase "provided that you otherwise qualify" and that the Defendants argue that even accepting the facts alleged in the Complaint, the Debtor did not "otherwise qualify." But the existence of the "otherwise qualify" clause in the TPP does not defeat the Debtor's contractual theory.

The dispute in this case centers largely on the Defendants' denial of a final/permanent loan modification due to the existence of a second mortgage (a mortgage that is subject to avoidance upon completion of the Debtor's chapter 13 plan). The Defendants' view is that the existence of the second mortgage rendered the Debtor ineligible under Paragraph 8 of the TPP and applicable Federal Housing Agency regulations and guidelines.

Thus, in effect, the Defendants argue that, even if there was a contract to grant a loan modification, there could be no breach because, under Paragraph 8 of the TPP, the existence of a junior mortgage on the Debtor's property rendered the Debtor "otherwise **i**neligible." Therefore, according to the Defendants, a condition precedent to the Defendants' performance (i.e., the existence of a state of title acceptable to PHFA) was never satisfied.

-3-

In response, the Debtor argues that the "good title" requirement of the TPP was satisfied, because the Defendants waived the requirement (by offering the TPP with full knowledge of the existence of the second mortgage on the subject property). In addition, the Debtor suggests that the Defendants' approval of the loan modification was withheld unreasonably because the concerns about the first mortgage's lien priority are exaggerated.[2]

These are not issues that can be determined based on the pleadings alone under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6). Neither the issue of waiver of the requirements of Paragraph 8 of the TPP nor the reasonableness of the Defendants' conduct in invoking Paragraph 7 of the TPP to deny the Debtor the final loan modification is ripe for determination.[3] Therefore, left only with the allegations stated in the Complaint, the Debtor has stated facts sufficient to survive a motion to dismiss under Rule 12(b)(6) and is entitled to proceed further in this litigation.

---

[2]    The Debtor's second response has two (2) foundational premises:

   (1) the Defendants have an implied duty to act reasonably in determining whether other liens "are resolved to [their] satisfaction" under Paragraph 7 of the TPP); and

   (2) the risk of lien priority impairment is so minimal in this case that the Defendants breached that implied duty.

[3]    For example, with respect to the lien priority issue, the Defendants assert they risk the loss of lien priority because: (1) the mortgage lacks a provision reserving the right to modify the terms of the note without the consent of junior lien holders; (2) the second mortgagee here has not consented; and (3) there is a risk that the modification will be found to "prejudice" the rights of the second mortgagee. The determination whether the Defendants' judgment regarding the risk of the loss of lien priority is so flawed, factually or legally, as to warrant the conclusion that the approval of the final loan modification was withheld unreasonably requires a more developed evidentiary record.

### Count II - Unfair Trade Practices

On its face, the Complaint – Paragraph 43, in particular – states a claim for deceptive conduct that violates the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1 et seq. ("UTPCPL"). I am unpersuaded by the arguments to the contrary asserted by the Defendants.

First, I disagree with the Defendants' contention that under 73 P.S. §201-2(4)(xxi), the Debtor must plead and prove all of the elements of common law fraud. The statute refers to "fraudulent **or** deceptive conduct which creates a likelihood of confusion or of misunderstanding." Id. (emphasis added). Deceptive conduct "is something different from fraudulent conduct." Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC, 40 A.3d 145, 154 (Pa. Super. Ct. 2012).[4]

Next, I reject the Defendants' contention that the Debtor has not pled that she suffered an "ascertainable loss of money or property" as a result of the alleged deceptive conduct. See 73 P.S. §201-9.2. The payment of lower monthly instalments during and after the trial period under the TPP undoubtedly gives rise to a liability for late charges under the subject note and mortgage. This is a sufficient loss of money or property to satisfy that element of a UTPCPL claim, particularly because any increase in the mortgage balance reduces the value of the Debtor's interest (her equity) in her residential real property.

Finally, the argument that the UTPCPL is preempted by the Bankruptcy Code is entirely

---

[4] It is true that a UTPCPL does incorporate one (1) of the elements of a claim for common law fraud: justifiable reliance. See Toy v. Metro. Life Ins. Co., 928 A.2d 186, 201-2 (Pa. 2007). However, the Debtor's justifiable reliance is easily inferred from the facts alleged in the Complaint.

without merit. Despite the Defendants' suggestion to the contrary, there is no blanket preemption of the UTPCPL by the Bankruptcy Code. In the context of evaluating the relationship between the federal Fair Debt Collection Practices Act and the Bankruptcy Code, our Court of Appeals has held squarely that "there is no categorical preclusion of the FDCPA claims." Simon v. FIA Card Servs., N.A., 732 F.3d 259, 274 (3d Cir. 2013). Rather, the court must consider whether the non-bankruptcy claims "raises a direct conflict between [the Bankruptcy] Code or Rules and the FDCPA, or whether both can be enforced." Id.

Here, there is nothing alleged in the Complaint that even implicates any provision of the Bankruptcy Code. The Debtor is seeking a remedy under state law based on events and conduct that are entirely independent of the Defendants' treatment in the Debtor's bankruptcy case.[5] By comparison, in all of the cases cited by the Defendants,[6] the debtor alleged that the conduct giving rise to a UTPCPL claim also violated one (1) or more provisions of the Bankruptcy Code.

---

[5] Stated in that fashion, the next (obvious) question is whether this court even has subject matter jurisdiction over the Debtor's claims, an issue which I am obliged to consider sua sponte. See, e.g., Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76–77 (3d Cir. 2003), cert. denied, 541 U.S. 959; In re Mullarkey, 536 F.3d 215, 220 (3d Cir. 2008); In re Olick, 2010 WL 4509828, at *1 n. 5 (Bankr. E.D. Pa. Nov. 9, 2010).

Having considered the issue, I am satisfied that this adversary proceeding raises claims that are "related to" this bankruptcy case. See 28 U.S.C. §1334(b). The Debtor's confirmed chapter 13 plan provides for the cure of pre-petition mortgage arrears. If a loan modification is granted those arrears will be cured and the loan reinstated. (TPP ¶ 8). Thus, the outcome of this adversary proceeding will affect the distribution under the Debtor's confirmed plan or, as in numerous other cases, may cause the Debtor to move to modify her confirmed plan. See generally In re Shuman, 277 B.R. 638, 647 (Bankr. E.D. Pa. 2001) ("Typically, litigation which is related to a bankruptcy case is litigation which will affect in some manner the property to be administered by the bankruptcy trustee or the amount or priority of claims to be repaid").

[6] In re Henthorn, 299 B.R. 351, 354 (E.D. Pa. 2003); In re Abramson, 313 B.R. 195, 197 (Bankr. W.D. Pa 2006); In re Brundage, 2005 WL 2206076 at *4 (Bankr. E.D. Pa. Sept. 9, 2005).

The Debtor makes no such allegations here.  The Defendants' preemption argument can be dismissed out of hand.